**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JENNIFER LEWIS,

Plaintiff,

v. CIVIL ACTION NO. 3:26-0465

CARL ALDRIDGE (Individually),
WEXFORD HEALTH SOURCES, INC., and
JOHN/JANE DOES 1-10,

Defendants.

## MEMORANDUM OPINION AND ORDER

On October 15, 2026, the Court issued an Order directing Plaintiff Jennifer Lewis to demonstrate good cause for not serving the Defendants with process. ECF No. 5. Plaintiff then filed the instant Response to the Court's Order to Show Cause and Request for Leave to Complete Service (Response to the Order to Show Cause, ECF No. 6).

## BACKGROUND

In her Response to the Order to Show Cause, Plaintiff represents several defects in the service of Defendants Carl Aldridge and Wexford Health Sources, Inc. (Wexford). *See* Resp. Order Show Cause. First, as to Defendant Aldridge, the process server improperly attempted substituted service of process when he left the Complaint and summons with an administrator in Defendant Aldridge's office at the Western Regional Jail. *See id.* at 1–2. Second, as to both Defendants, Plaintiff delivered pre-filing copies of the Complaint and proposed summonses, rather than Court-issued summonses. *Id.* The Complaint copies lacked the civil action number, and the summonses lacked the civil action number, the Clerk's signature, and the Court's seal. *Id.* at 5. Plaintiff now

asks the Court to: "(1) find that both defendants were served within the Rule 4(m) period and that Wexford was validly served; (2) find that good cause exists for any additional time needed to complete service on Mr. Aldridge or, in the alternative, exercise its discretion under Rule 4(m) to extend the time for service on both defendants through a date fourteen days after entry of the Court's order, so that re-service with the Clerk-issued summonses and the filed complaint may be completed; (3) decline to dismiss this action; and (4) grant such other relief as the Court deems just." *Id.* at 15.

Since that time, Defendant Wexford filed an Answer to the Complaint, ECF No. 7, and Defendant Aldridge filed a Motion to Dismiss. ECF No. 8. Neither the Complaint nor the Motion to Dismiss specifically raised issues with service. *See* Compl.; Mot. Dismiss.

## DISCUSSION

### I. Method of Service

Under Federal Rule of Civil Procedure 4(e), service on an individual can be effectuated by: "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," or following state law rules for service. Fed. R. Civ. P. 4(e). Under West Virginia law, service on an individual can be executed by "[p]ersonal delivery," "[l]eaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone the age of 18 or above who resides there," "[d]elivering a copy to an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual," a Sheriff or the Secretary of State, or certified or first class mail from the clerk. W. Va. R. Civ. P. 4(d).

Here, Plaintiff attempted to serve Defendant Aldridge via process server on October 14, the last day of the Rule 4(m) ninety-day period for service. *See* Resp. Order Show Cause, at 1. The process server delivered the Complaint and summons not to Defendant Aldridge personally, but to Ms. Ellen Adkins, an administrator in the Western Regional Jail Superintendent's Office, Defendant Aldridge's office. *Id.* at 1–2. As Plaintiff acknowledges, neither federal nor West Virginia law permits leaving the complaint and summons "with a co-worker at the defendant's place of employment, and a person who accepts them in that setting is not an 'agent authorized by appointment' unless the defendant has actually conferred that authority." *Id.* at 10. Further, "Plaintiff does not presently know whether Ms. Adkins is authorized to accept service for Mr. Aldridge, has no basis to represent to the Court that she is, and therefore does not contend that the October 14 delivery, standing alone, satisfied Rule 4(e)." *Id.* Since Ms. Adkins was not authorized to accept service on Defendant Aldridge's behalf, service on Defendant Aldridge was inadequate.

**II. Timing of Service**

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause" requires a "showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). "[G]ood cause is commonly found to 'exist[] when the failure of service is due to external factors, such as the defendant's intentional evasion of service,' but 'significant periods of inactivity' and a 'fail[ure] to seek extension of time before [the] deadline [has] lapsed' tend to undercut any claim of good cause." *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (quoting *Attkisson*, 925 F.3d at 627).

Here, Plaintiff attempted to serve Defendant Aldridge within the Rule 4(m) ninety-day period for service. Plaintiff employed a third-party national service company to effectuate service. However, the process server improperly delivered the Complaint and summons. The fact that Plaintiff employed a process server to execute service within the ninety-day period and the process server did attempt service at Defendant Aldridge's place of business shows some diligence by Plaintiff. Moreover, service was inadequate due to the error of the third-party process server, not Plaintiff. *See Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022). Accordingly, the Court finds that Plaintiff has shown good cause for failing to serve Defendant Aldridge within the ninety-day period. *See* Fed. R. Civ. P. 4(m).

**III. Form of Service**

"A summons must . . . be signed by the clerk; and bear the court's seal." Fed. R. Civ. P. 4(a)(F)–(G). Yet, a "court may permit a summons to be amended." *Id.* at 4(a)(2). "When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction," and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Where the first service is technically deficient, the Fourth Circuit has held that, at least in some circumstances, plaintiffs should be given another reasonable opportunity to execute valid service of process. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983).

Here, Plaintiff served copies of the Complaint that omitted the civil action number and summonses that omitted the civil action number, the Clerk's signature, and the Court's seal on all Defendants. Since Federal Rule of Civil Procedure 4(a) requires summons to include the clerk's signature and the court's seal, Plaintiff's summonses and corresponding service were defective.

*See* Fed. R. Civ. P. 4(a)(F)–(G). As the Fourth Circuit reminds us, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco*, 733 F.2d at 1089. The question then is whether to permit the summons to be amended nonetheless. *See* Fed. R. Civ. P. 4(a)(2).

A. Defendant Wexford

When Plaintiff served Defendant Wexford with the summons and Complaint, Wexford had actual notice of the action, despite the missing civil action number, Clerk's signature, and Court's seal. Plaintiff also reports that Wexford had written notice of the claims against it since July 2026. Resp. Order Show Cause, at 3.[1] Accordingly, the rules here should be construed liberally. *See Armco*, 733 F.2d at 1089. Considering that Defendant Wexford had actual notice of the action within ninety days of filing the Complaint and no party would be prejudiced by the delay, Plaintiff should be given another opportunity to execute service on Defendant Wexford. *See Vorhees*, 697 F.2d at 576.

B. Defendant Aldridge

However, it is unclear whether Defendant Aldridge received actual notice of the action.[2] Nevertheless, as discussed below, the Court considers any defects in service waived by Defendant Aldridge filing a Motion to Dismiss that did not raise objections to service.

---

[1] Plaintiff asserts:

> On July 16, 2026, counsel sent Wexford, by certified mail addressed to its Director of Risk Management and Legal Affairs at its Pittsburgh headquarters, a written notice of claim describing the detention, the failures of assessment and treatment, the stroke, and the claims Ms. Lewis intended to assert. Wexford signed for that notice on July 21, 2026.

Resp. Order Show Cause, at 3.

[2] While Plaintiff asserts that Mr. Aldridge's employer had written notice of Ms. Lewis's claims since July 2026, Plaintiff does not assert that Defendant Aldridge individually had prior notice of the claims. *See* Resp. Order Show Cause, at 3. Nor is it clear whether Defendant Aldridge received notice of the action through service of the administrator during the Rule 4(m) period.

## CONCLUSION

Considering that Defendant Wexford filed an Answer to the Complaint and Defendant Aldridge filed a Motion to Dismiss, neither of which raised issues with service, the Court will deem objections to service waived. *See Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991). Accordingly, the Court **DENIES** Plaintiff's request for a fourteen-day extension for service of process as moot.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 5, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE